1
2
3
4
5

LAW OFFICE OF
ETHAN STEELE, PC
145 S. 6TH AVE.
TUCSON, ARIZONA 85701
(520) 290-0729
ARIZ. BAR NO. 9312
ethansteelelaw@qwestoffice.net
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Carmine Russo,<br><br>              Plaintiff,<br>vs.<br><br>Bayview Loan Servicing, LLC; Bank of America Corporation; Bank of America N.A.; BAC Home Loan Servicing, LP,<br><br>              Defendants. | NO.<br><br><br>**C O M P L A I N T** |

Plaintiff Carmine Russo ("Russo"), for his claims against the Defendants Bayview Loan Servicing, LLC; Bank of America Corporation; Bank of America N.A.; and BAC Home Loan Servicing, LP, alleges as follows:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction because the matter involves questions of Federal Law applicable to Plaintiff's residential home mortgage, including the following statutes: the Home Affordable Mortgage Program ("HAMP"), the "Safe Harbor Act", the Home Affordable Refinance Program ("HARP"), and regulations issued thereunder.

2.     Venue is proper in the District of Arizona because Tucson, Arizona, is the physical location of the residential home and real property upon which subject mortgage

applies, and the location where Plaintiff resides.

## PARTIES

3. The Plaintiff, Carmine Russo ("Russo") is a resident of Tucson, Arizona, a married man, who brings this action in his separate capacity.

4. The Defendants Bayview Loan Servicing, LLC; Bank of America Corporation; Bank of America N.A.; and BAC Home Loan Servicing, LP, are legal business entities whose primary places of business remain to be determined.

## FACTS

5. Plaintiff Russo is an owner of residential real property located at 6280 E. Placita del Nido, Tucson, AZ., 85750 ("the subject property").

6. Plaintiff Russo is the named borrower of a mortgage upon the subject property, the mortgage identified, alternately, as Bayview loan #600839, and as Bank of America loan #130776360 ("the subject mortgage").

7. Primary financial interest in promissory note secured by the subject mortgage upon the subject property is believed to be held on behalf of investors, or held directly by one of more of the following "Bank of America" Defendants: Bank of America Corporation; Bank of America N.A.; or BAC Home Loan Servicing, LP (collectively "Bank of America").

8. The present "servicer" of the subject mortgage is Defendant Bayview Loan Servicing, LLC ("Bayview").

9. As "servicer" for the subject mortgage, Bayview acts both on its own behalf, and as representative and agent for the Bank of America entities.

10. Pursuant to applicable Federal statutes and regulations, Plaintiff Russo has

2

requested that the subject mortgage be considered for modification, and has formally applied to Bayview therefor.

11. Pursuant to his application for mortgage modification, Plaintiff Russo has provided to Bayview all necessary information, including subject property value and personal income.

12. Although Plaintiff Russo believes that the subject mortgage qualifies for modification under Federal law and regulation, Bayview has declined the modification application.

13. Plaintiff Russo believes that Bayview's declination of modification of the subject mortgage is erroneous, contrary to the standards of the applicable Federal statutes and regulations, and their policy objectives.

14. Specifically, Plaintiff Russo believes Bayview's declination of modification of the subject mortgage is erroneous in at least the following respects:

    A. <u>Erroneous calculation of Plaintiff Russo's Income.</u> Bayview has taken an erroneous and greatly exaggerated position on Russo's income, which has led to his disqualification for mortgage modification. Russo is himself a self-employed mortgage broker in Arizona, working through mortgage provider Guild Mortgage. Bayview's specific error is to designate Russo's income solely based upon the W-2 income form provided to Russo by Guild. However, this approach fails to take into account that Russo pays for all of his own business expenses – office, advertising, etc. – which expenses are deducted from his income <u>after</u> the W-2 amount. Although Russo has pointed this out to Bayview, and Russo provided the necessary information and documentation to show the correct amount of his true after-expense income, Bayview has nevertheless declined to change its income

analysis. Consequently Bayview continues to decline Russo's loan modification request.

B.   <u>Erroneous calculation of Subject Property value.</u>   Bayview has taken an erroneous and greatly exaggerated position on the value of the subject property, which also has led to declining Russo's application for mortgage modification. Upon information and belief, Bayview property valuation is based upon a very superficial viewing of the property by a real estate agent. Upon receipt of this valuation, Russo provided substantial evidence of comparable properties in the neighborhood with much lower values, or much better comparable properties with similar values. Upon receipt of such information, it is believed that Bayview should engage in a more detailed re-analysis of the subject property value. However, Bayview has failed to do so, and continues to use its exaggerated value as a basis to decline modification of the subject mortgage.

15.   Based upon the foregoing, Plaintiff Russo asserts that Bayview's declination of Russo's mortgage modification application is erroneous, contrary to law, and contrary to public policy.

16.   Upon information and belief, Plaintiff Russo also asserts that the erroneous treatment of his mortgage modification application has been done with the express or tacit approval of the Defendant Bank of America entities.

17.   Upon information and belief, Plaintiff Russo also asserts that the erroneous treatment of his mortgage modification application outlined above is part of a general pattern of conduct by Defendants to deny and discourage modifications for persons, properties, and mortgages that actually do qualify, which conduct pattern is contrary to law, contrary to public policy, and should be remedied and compensated.

4

# RELIEF SOUGHT

**WHEREFORE**, Plaintiff Russo asks the Court to grant the following relief:

A. Find that Russo's application for modification of the subject mortgage should have been granted by Defendants under applicable standards and policies.

B. Order that Defendants in fact proceed with appropriate modification of Russo's subject mortgage.

C. Order that the Defendants change their practices and policies to eliminate the type of errors they committed in processing Russo's application for modification of the subject mortgage.

D. Order that Russo be compensated for any damages he incurred by Defendants' failure to modify the subject mortgage.

E. Award Russo his costs and attorneys' fees incurred in this matter.

F. Grant such other relief as is appropriate.

DATED this 8th day of November, 2013.

                                       /s/   Ethan Steele
                                       ETHAN STEELE
                                       Attorney for Plaintiff